[Civ. No. 1511. Second Appellate District.—January 23, 1915.]

AUGUSTA E. DEYOE, Executrix of the Last Will and Testament of C. P. Deyoe, Deceased, Appellant, v. GEORGE C. PAONESSA, Respondent.

CONTRACTS—SALE OF PERSONAL PROPERTY—BROKER'S COMMISSION—ORAL AGREEMENT FOR—CONSTRUCTION OF SECTION 1624 CIVIL CODE. An oral agreement to pay a broker a certain commission for his services in negotiating a sale of personal property in the form of *street improvement contracts does not come within the provisions of section 1624 of the Civil Code and is valid; and where the seller at the time the contract of employment was made expressed the desire to sell his contracts for money, or to exchange them for any kind of property acceptable to him, the circumstance that he subsequently accepted real estate as a consideration for the contracts did not change the terms or nature of the broker's employment from that of selling personal property to one of purchasing real estate.*

APPEAL from an order of the Superior Court of Los Angeles County denying a new trial. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Murphey & Poplin, for Appellant.

George H. Kelch, for Respondent.

CONREY, P. J.—The appellant C. P. Deyoe having died pending this appeal, the present appellant has been substituted in his place as plaintiff and appellant. The appeal is from an order denying plaintiff's motion for a new trial.

The second count of the complaint alleges that the plaintiff at the special instance and request of the defendant rendered services to the defendant in procuring for the defendant a purchaser for certain personal property amounting in value to the sum of twenty thousand dollars, and that for said price defendant sold, traded, and exchanged said property to a purchaser, and in consideration thereof the defendant agreed to pay plaintiff a commission which amounted to the sum of one thousand dollars. The answer denies these allegations, "except as hereinafter alleged," and then sets forth that the alleged agreement "was one purporting to authorize or employ the plaintiff as a broker to purchase real estate for a compensation; that said alleged agreement is not, and was never, in any writing subscribed by the defendant or his agent, and that there is not now, nor was there ever, any note or memorandum thereof subscribed by defendant or by his agent; that said alleged agreement is invalid under subdivision 6 of section 1624 of the Civil Code."

The plaintiff was engaged in the business of buying and selling real estate on commisison, and it was a part of his business to sell stocks and bonds on commission. The defendant being the owner of certain street improvement contracts on which he was to receive money thereafter to become due, informed plaintiff that he had this amount of twenty thousand dollars in contracts and that he would like to make some sort of a deal whereby he could get the money, and orally promised to pay the commission. After sundry negotiations, which are described in the evidence, the plaintiff brought about a transaction whereby the defendant received certain real property in exchange for said contracts. The transaction was based upon the stated valuation of twenty thousand dollars for the contracts.

These facts being in evidence, the court granted defendant's motion for a nonsuit on the ground that the evidence

"failed to substantiate the allegations contained in the complaint."

According to the provisions of section 1624 of the Civil Code, subdivision 6, "an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission" is included among the contracts which are invalid unless the same or some note or memorandum thereof is in writing and subscribed by the party to be charged or by his agent. It must be conceded that the oral agreement shown by the evidence is enforceable unless it comes within the classification of subdivision 6 as above quoted. The evidence clearly tends to show, however, that the employment of the plaintiff was for the selling of personal property and not for the purchase of the real estate. When the contract of employment was made, the expressed desire of the defendant was to sell his contracts for money, or to exchange them for any kind of property acceptable to him. The circumstance that subsequently he did accept real property as a consideration in disposing of the contracts, did not change the terms or nature of plaintiff's employment.

It is conceded that the evidence was sufficient to sustain the findings of the court on the allegations of the first cause of action stated in the complaint. The court erred in granting the motion for nonsuit as to the second cause of action.

The order denying plaintiff's motion for a new trial is reversed, with directions to the lower court that the action be tried anew with respect to said second cause of action.

James, J., and Shaw, J., concurred.